# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CARLOS PACHECO,

        Plaintiff,

v.

        Case No. 6:20-cv-2350-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.

_____

## **OPINION AND ORDER**[2]

## I.   Status

Carlos Pacheco ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "nephroptosis kidney," "ms symptoms," "lumb[a]r back pain," and "headaches." Transcript of Administrative Proceedings (Doc. No. 28; "Tr." or

---

[1]    Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 34), filed February 15, 2022; Reference Order (Doc. No. 35), entered February 16, 2022.

"administrative transcript"), filed August 12, 2021, at 110, 124, 260. Plaintiff filed an application for DIB on January 16, 2019, alleging a disability onset date of October 18, 3018.[3] Tr. at 243-44. The application was denied initially, Tr. at 109-20, 121, 122, 144-46, and upon reconsideration, Tr. at 123-38, 139, 140, 148-55.

On March 30, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 66-84. Plaintiff was fifty years old at the time of the hearing. Tr. at 69. On June 11, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 44-52.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted additional evidence in the form of an Application for Disabled Person Parking Permit signed by Ricardo Pascual, M.D. ("Application"), as well as additional medical records. See Tr. at 5-6 (Appeals Council exhibit list and order), 239-42 (request for review), 64 (Application), 9-40 (medical records). On October 19, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the

_____

[3]       Although actually filed on March 1, 2019, see Tr. at 243, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as January 16, 2019, see, e.g., Tr. at 109, 124.

Commissioner. On December 22, 2020, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues: 1) the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence because the ALJ did not evaluate the medical opinion of Adrian Burrowes, M.D., regarding Plaintiff's functional abilities; 2) the Appeals Council erred in denying review; and 3) the ALJ erred in evaluating Plaintiff's subjective complaints about how his impairments affect him. Joint Memorandum (Doc. No. 33; "Joint Memo"), filed December 23, 2021, at 17-21, 24-26, 29-31. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for substantive consideration of the new evidence submitted to the Appeals Council. On remand, an evaluation of the new evidence submitted to the Appeals Council will allow the Administration to evaluate the opinion evidence at issue and may impact the Administration's consideration of Plaintiff's subjective complaints. For this reason, the Court need not address Plaintiff's arguments in this regard. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam)

(concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 46-51. At step one, the ALJ determined Plaintiff "has not engaged in [substantial gainful activity] since October 18, 2018, the alleged onset date." Tr. at 46

_____

[4]        "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: cervical and lumbar degenerative changes; and, migraines." Tr. at 46 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 47 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can perform] light work (20 [C.F.R. §] 404.1567(b)), except occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs, but never ladders, ropes, or scaffolds. Avoid: work at heights, work with dangerous machinery and dangerous tools, constant vibration, constant temperatures over 90ºF and under 40ºF, environmental noise over moderate (per the DOT), constant pushing and pulling with the upper extremities, bilateral overhead reaching, and foot controls. Work tasks should be about 1-5 steps each, learned in 30 days.

Tr. at 47-48 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as a "Salesperson, Automobile." Tr. at 50 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("49 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that "there are jobs that exist in significant numbers in

the national economy that [Plaintiff] can perform," such as a "Marker," a "Checker I," and a "Routing Clerk." Tr. at 51 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October 18, 2018, through the date of th[e D]ecision." Tr. at 51 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial

evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

As noted, Plaintiff challenges the Appeals Council's decision to summarily deny review despite the new evidence presented to it. Joint Memo at 24-26. Plaintiff focuses on the Application that was signed by Dr. Pascual, Plaintiff's treating physician, on April 3, 2020 and submitted to the Appeals Council. <u>See id.</u>; Tr. at 64. Plaintiff contends that in light of the "significant limitations" noted by Dr. Pascual, the Application renders the Appeals Council's decision erroneous and carries a reasonable possibility of changing the administrative result. Joint Memo at 25.

Responding, Defendant argues the Appeals Council "was not required to make specific findings of fact or provide a detailed explanation of the evidence submitted by Plaintiff when it denied his request for review." <u>Id.</u> at 27. Defendant also contends the Application does not carry a reasonable possibility of changing the administrative result, stating that Dr. Pascual "failed to provide, and Plaintiff failed to cite, objective medical evidence to support the assessment" set forth in the Application. <u>Id.</u> at 28.

With few exceptions, a claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. See 20 C.F.R. §§ 404.900(b), 416.1400(b). When the Appeals Council is presented with evidence that was not before the ALJ, the Appeals Council must consider the evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. §§ 404.970(b), 416.1470(b).

Although the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually," Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1320 (11th Cir. 2015). "When a claimant properly submits new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Banks for Hunter v. Comm'r, Soc. Sec. Admin., 686 F. App'x 706, 709 (11th Cir. 2017) (citing Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007)).

Here, the Application submitted to the Appeals Council was dated April

3, 2020. Importantly, it contains the following warning to a physician who is required to sign it:

> WARNING: Any person who knowingly makes a false or misleading statement in an application or certification under section 320.0848, Florida Statutes, commits a misdemeanor of the first degree, punishable as provided in section 775.082 or 775.083, F.S. The penalty is up to one year in jail or a fine of $1,000 or both.

Tr. at 64 (emphasis omitted). Dr. Pascual checked that Plaintiff's "disability type" is a "severe limitation in a person's ability to walk due to an arthritic, neurological, or orthopedic condition," with the words "arthritic" and "neurological" specifically circled. Tr. at 64 (some capitalization and emphasis omitted). Dr. Pascual also checked that Plaintiff should be issued a "permanent permit" (rather than the other option of "temporary permit"), and in so checking, "certif[ied] that the applicant . . . is a disabled person with a permanent disability (ties) that limits or impairs his/her ability to walk 200 feet without stopping to rest." Tr. at 64. Dr. Pascual signed the form immediately following the warning about it being a crime to make a false or misleading statement. See Tr. at 64.

The Appeals Council recognized that Plaintiff submitted additional medical evidence, including the Application, but found as to the challenged evidence (the Application) that there was no "reasonable probability that it

- 9 -

would change the outcome of the [D]ecision."[5] Tr. at 2. The Appeals Council elected "not [to] exhibit this evidence," in effect refusing to substantively consider it. Tr. at 2.[6]

Dr. Pascual's opinion on the Application as to Plaintiff's ability to walk is apparently inconsistent with the ALJ's RFC assessment for light work with additional limitations. See Tr. at 47-48 (RFC). Light work requires "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls" and "the ability to do substantially all of these activities" to be "capable of performing a full or wide range of light work." 20 C.F.R. § 404.1567(b). If Plaintiff has a "severe limitation in [the] ability to walk" and is limited in the "ability to walk 200 feet without stopping to rest" as stated on the Application, Tr. at 64, Plaintiff cannot do substantially all of the requirements of light work.

Defendant contends the Application submitted to the Appeals Council is not accompanied by objective medical evidence, but Dr. Pascual's notes and other records are in the administrative transcript. See, e.g., 547-60, 835-45, 885-97. Defendant also contends the opinion on the Application is inconsistent with

---

[5]     The Appeals Council also found as to some evidence that is not at issue here that it did "not relate to the period at issue" because it post-dated the ALJ's Decision. Tr. at 2.

[6]     Defendant only challenges whether the evidence at issue carries a reasonable possibility of changing the administrative result, so the other requirements for the Appeals Council to consider evidence (new, material, and relates to the relevant period) are deemed to have been met and are not substantively addressed.

the evidence, but a reasonable factfinder could find otherwise. [7] See Washington, 806 F.3d at 132

Moreover, the type of warning set forth for the physician on the Application about making a false or misleading statement does not appear on typical disability-related forms in which physicians are asked to opine about an individual's functioning levels for DIB application purposes. The fact that the Application contains this warning and it was still signed by Dr. Pascual potentially would carry more weight with a factfinder. Also, although not dispositive, the ALJ did not address or otherwise rely upon any opinions from treating physicians regarding Plaintiff's functional limitations, instead finding "persuasive" the opinions of state agency medical consultants to the extent their opinions were not inconsistent with the RFC. Tr. at 50. This opinion evidence, from a treating physician, although not demanding any more weight than others under the revised Regulations, should at least be substantively considered.

For all of the foregoing reasons, the evidence submitted to the Appeals Council carries a reasonable possibility of changing the administrative result. See Washington, 806 F.3d at 1321. The Appeals Council thus erred in refusing to substantively consider the evidence, and remand is required. See id. at 1320;

---

[7] It is for the SSA, not the undersigned, to determine whether to accept the opinion on the Application in the first instance.

20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Consider the additional evidence submitted to the Appeals Council;

(B)     If appropriate, address the other issues raised by Plaintiff in this appeal; and

(C)     Take such other action as may be necessary to resolve this claim properly.

2.     The Clerk is further directed to close the file.

3.     In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on May 23, 2022.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record